

FILED
FEB 07 2012
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE W. LARSON, | ) | File No. Civ. 12-4020 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT AND JURY DEMAND |
| | ) | |
| AUTO OWNERS INSURANCE | ) | |
| COMPANY a Subsidiary of Parent | ) | |
| Company AUTO OWNERS INSURANCE | ) | |
| GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the above named Plaintiff, by and through his attorney, Robin L. Zephier, of Abourezk and Zephier, P.C. and for his complaint against the above named Defendant states and alleges as follows:

1. Plaintiff is a resident of Flandreau, County of Moody, State of South Dakota. The Plaintiff's residence and contractual relationship and claim transactions with Defendant's agents have taken place in the State of South Dakota and therefore this Court has both personal and subject matter over the parties. Plaintiff Lawrence Larson had a drilling business that was working in Minnesota at the time of the accident. Plaintiff as owner of the company purchased a first party insurance policy from Defendant Auto Owners Insurance Company from a St. Paul, MN agency. Plaintiff always maintained a residence in Wounded Knee, South Dakota from 1979 through 2010. The Auto Owners insurance policy covered damages resulting from a motor vehicle accident and underinsured motorist situations.

Page 1 of 10

2. Defendant Auto Owners Insurance Group is the parent company and Defendant Auto Owners Insurance Company is a member company of Auto Owners Insurance Group, which is based in Lansing, Michigan, and doing business in Pennington, Moody, Shannon and Minnehaha Counties in the State of South Dakota. Defendant Auto Owners Insurance Company, through Plaintiff's knowledge and belief, is a wholly owned subsidiary of the parent company/corporation, Auto Owners Insurance Group. Defendant sells auto insurance in 26 states including South Dakota and Minnesota. The nearest claims office for Defendant is in North Dakota and Minnesota, serving the state of South Dakota, and the claims arising out of the sates of South Dakota, Minnesota and North Dakota. Defendant's claims agents sent mail, faxes and phone calls to South Dakota from Minnesota, across state lines, in servicing this claim. The IME and statement under oath that Plaintiff was required to undergo, both took place in South Dakota.

## Jurisdiction and Venue

3. There is diversity of citizenship among and between the parties to this civil action.

4. Jurisdiction of this civil action therefore exists pursuant to 28 U.S.C. §1332. The amount of controversy in this case exceeds the jurisdictional requirement.

5. On May 15, 2008 at approximately 5:15 pm Plaintiff Lawrence Larson was slowing down on 170th St. N. in Hugo, MN , to make a left hand turn, when his vehicle was abruptly rear-ended by the third party tortfeasor, Pamela Grace Bridger, a State Farm Mutual Automobile Insurance Company insured. Lawrence Larson's body was thrown forward and ricocheted backwards causing much physical bodily injury. Plaintiff Lawrence Larson's front

driver's seat broke away from the seat frame upon impact. A front seat passenger in Plaintiff's vehicle, Ron Hagle, was also injured. Bridger was 100% at fault and was cited for driver inattentiveness. Therefore, from the beginning stages of the claims, liability was absolutely clear.

6. As a direct and proximate result of the above-described negligence of the third party tortfeasor Pamela Grace Bridger, Lawrence Larson sustained numerous severe and painful injuries to his person, both temporary and permanent.

7. As a direct and proximate result of the collision herein, Plaintiff sustained substantial physical injuries, including , but not limited to, injuries to his head, cervical spine, his thoracic and lumbar spine, right lower extremity pain, tingling, numbness, and weakness , as well as injuries to his left knee, foot, leg and headaches, for which Plaintiff has required health care services and/or will require health care services in the future, the reasonable value for which exceeds the sum of $120,000.00. In addition Plaintiff has sustained partial permanent disability. Defendant Auto Owners did pay $20,000 for past medical expenses and medical mileage, for Plaintiff, prior to the underinsured motorist (UIM) claim being brought against Defendant.

8. As a further direct and proximate result of the substantial physical injuries Plaintiff sustained in the above collision, the Plaintiff has suffered in the past and will continue to suffer in the future, physical pain and mental suffering, loss of enjoyment of life, inconvenience, scarring, loss of income, impairment of future earning capacity, loss of home services, and partial permanent impairment, all to Plaintiff's damage in the amount to be determined at trial.

## COUNT ONE-BREACH OF CONTRACT

Plaintiff hereby incorporates paragraphs 1-8 of this Complaint, as if fully set forth herein.

9. The third party tortfeasor, Pamela Grace Bridger was an underinsured motorist

at the time of the accident. Bridger had a auto liability policy with State Farm Mutual Automobile Insurance Company. State Farm paid the full auto policy bodily injury liability limits of $100,000.00 per person per accident, to Plaintiff, on or about January 25, 2011. Plaintiff received Defendant Auto Owners's <u>Schmidt v. Clothier</u> consent to accept said tender of the third party liability policy limits.

        10       The Plaintiff has a contract of insurance with Auto Owners Insurance Company ("Auto Owners"), Policy Number 47 516880 00, which provides coverage for injuries, damages and entitlement to first party benefits, caused by uninsured and underinsured motorists, for which Plaintiff Lawrence Larson has paid valuable consideration in the form of premiums to Defendant Auto Owners Insurance Company. The insurance contract between the Plaintiff and the Defendant, was entered into, transacted, marketed, sold and purchased in the State of South Dakota and Minnesota, and the Plaintiff has remained a resident of Shannon and Moody County, South Dakota, throughout and has received the totality of his accident related medical care in South Dakota, aside from the care he received within the first several months following the accident.

        11.      The Defendant, Auto Owners has refused to honor its contract of insurance and has breached that contract, for failing to reasonably and fairly pay the first party Underinsured Motorist (UIM) benefits to Plaintiff when Plaintiff had provided his reasonable proof of said damages.

## COUNT TWO-BAD FAITH

Plaintiff hereby incorporates paragraphs 1-11 of this Complaint as is fully set forth herein.

        12.      That Defendant Auto Owners and/or its agents and subsidiaries' agents, have

acted in bad faith in rejecting most, if not a significant part, of Plaintiff's first party claims and by failing to reasonably settle these claims within policy limits of each coverage and furthermore, by failing to promptly and fully pay the claim as requested by Plaintiff Lawrence Larson, after legal liability and proximate causation of said damages were reasonably clear in each of Plaintiff's claims.

13. That Defendant Auto Owners and its claims agents Laura Poole and Heather Larson, have acted in bad faith by having their insured, the Plaintiff, to go through a separate "Independent Medical Examination" (IME) over the succeeding two years from the date of the May 15, 2008 MVA, and therefore causing Plaintiff to incur additional out of pocket expenses, additional costs and fees, anxiety and embarrassment, to the detriment of Plaintiff Lawrence Larson. It is Plaintiff's best knowledge and reasonable belief that Defendant and Defendant's agents purposefully and intentionally sought out an adverse IME opinion in an attempt to cut off first party PIP benefits to Plaintiff. However, the IME physician agreed that Plaintiff injured his neck, back and leg in the motor vehicle accident, and that his medical care up to that time was reasonable and necessary.

14. That Defendant Auto Owners has acted in bad faith in its failure to adequately inform and otherwise reasonably advise Plaintiff of the existence of urgently needed and available contractual and supplemental insurance coverages which were available to Plaintiff, Defendant's insured, to his personal and economic damage.

15. That Defendant Auto Owners and its agents have acted in bad faith for failure to fully, reasonably, sufficiently, and adequately provide its consent to settle the underlying action with the third party tortfeasor and her third party carrier, in a timely fashion, and for

unreasonably and unfairly withholding said reasonable consent to settle thereby creating further mental anxiety and emotional suffering for Plaintiff, until finally, Auto Owners did provide its consent to settle the underlying third party action, thereby creating the viable option to pursue the Plaintiff's right to pursue his first party UIM claim directly against Auto Owners .

16. That Defendant Auto Owners and its agents have acted in bad faith by refusing to honor and pay all reasonable and necessary personal injury protection (PIP) first party benefits, to and on behalf of Plaintiff, for medical expenses, medical mileage, lost wages, and rehabilitation costs, in a reasonable and timely fashion, upon the incurrence of such related expenses and following Plaintiff's requests to pay the first party benefits.

17. That Defendant and it's agents have failed to respond at all to the Plaintiff's first party UIM benefits claim demand within thirty days and in violation of the Unfair Claims Practices Act and good faith insurance claims handling principles, all to Plaintiff's continuing damage and distress.

18. That to Plaintiff's reasonable belief, Auto Owners and its agents and subsidiaries, wrongfully, and in bad faith, used computer programmed claims adjustment programs/tools in adjusting Auto Owners's first and third party auto claims, in dereliction of fair and foundational claims handling principles, and in violation of Defendant's good faith duty to fairly adjust its first party claims, including Plaintiff's PIP and UIM claims. That the use of such methods is fraudulent, unreliable, and lacks a scientific basis, and such practices are utilized to assure the Defendant's profit making motives on claims adjusting, and is intended to elevate the Defendant insuror's own interests over that of its policyholders, including Plaintiff, much to his individual damage.

19. That to Plaintiff's knowledge and belief, Auto Owners and its claims handling agents, including its claim handling attorneys (i.e. Timothy Tobin of Minneapolis, MN), have expressed an extreme unwillingness to reasonably and fairly consider and handle Plaintiff's first party UIM claim, and had even indicated that Auto Owners should and would desire to just have the Plaintiff litigate with Auto Owners just to receive his first party UIM benefits. Mr. Tobin was appointed by Defendant to handle Plaintiff's first party UIM claim on or about November 10th, 2011. Tobin additionally, insisted that Plaintiff travel to Minneapolis, Minnesota for a pre-litigation discovery deposition, despite the fact that Tobin knew that Plaintiff had no money to do so, that Plaintiff had already given a statement under oath to Auto Owners, and that Plaintiff resided in South Dakota. These demands by claim handler Tobin, were creating a great hardship for Plaintiff and Plaintiff was under financial distress for failure of Defendant to pay the UIM benefits, all clearly known by Tobin and his employer, the Defendant.

20. It is reasonably believed by Plaintiff that Defendant and its claims agents adjusted Lawrence Larson's injury claim for damages while the claims representatives have been and/or are participating in Auto Owners Insurance Company's employee incentive compensation program(s) which provides for incentive compensation to the employee as a basis of controlling severity of claims payments inter alia.

21. It is reasonably believed by Plaintiff that Defendant and its claims agents adjusted Lawrence Larson's injury claim for damages while the in house and/or captive legal and/or claims handling counsel have been and/or are participating in Auto Owners Insurance Company's employee incentive compensation program(s) which provides for incentive compensation to the employee as a basis of controlling severity of claims payments inter alia.

22. That Defendant, as the first party insurer for Plaintiff, is and has wrongfully withheld the Plaintiff's first party Uninsured Motorist, MPC and Disability benefits from the Plaintiff, since liability was very clear from the beginning, and since the significant nature of Plaintiff's injuries was known by Defendant's adjustors and claims handling attorneys from very early on in the claim. There has been no coverage dispute. Defendant has breached its duty of good faith claim handling by its adjustors and attorneys, by wrongfully withholding said funds, even any undisputed amounts of said benefits, with or without an impasse in the UIM benefit negotiation. The Defendant and its agents and attorneys are further harming Plaintiff with each succeeding day that said benefits remain unpaid and withheld.

23. That by reason of the foregoing, the Defendant is liable to the Plaintiff for an amount to be determined by a jury and, in addition thereto, for the Plaintiff's attorney fees, costs and expenses of this action because of vexatious, reckless, intentional and unreasonable refusal to pay; and for punitive and exemplary damages in the sum to be set by a jury herein, after giving due consideration to the net worth and earnings of the Defendant.

## COUNT THREE-PUNITIVE DAMAGES

Plaintiff hereby incorporates paragraphs 1-23 of this Complaint as if sully set forth herein.

24. In doing all the things herein alleged, Defendant acted intentionally, recklessly, oppressively and/or maliciously and was guilty of a wanton and reckless disregard of the contractual and statutory rights of the Plaintiff.

25. Plaintiff is entitled to punitive damages as the only way of deterring Auto Owners, its subsidiaries and entities in interest and their agents, including their claim handlers and claim handling attorneys, from continuing to employ these wrongful tactics against their own

policyholders, such as Plaintiff in this action.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For the actual expenses incurred in the treatment of the injuries sustained by Lawrence Larson in the subject accident and for the actual expenses incurred incidental to the said injuries, past, present and future, and to the procuring of said treatment to the date of trial, together with interest thereon;

2. For such monetary compensation as shall fully compensate Plaintiff for the UIM damages for the pain, suffering, anguish, loss of enjoyment of life, disability, scarring, loss of past wages, unpaid medical services, embarrassment, humiliation, mental distress, and loss of earning capacity sustained by Lawrence Larson to the date of trial and which is likely to continue into the future, in a sum to be determined by the jury in this case;

3. For such monetary compensation as shall fully compensate Plaintiff for the extracontractual damages for the pain, anguish, scarring, anxiety, loss of peace of mind, economic deprivation, fear, frustration, emotional distress, worry, disfigurement, disability, credit damage, loss of opportunity, embarrassment, humiliation, and loss of enjoyment of life, sustained by Plaintiff Lawrence Larson to the date of trial and which is likely to continue into the future, in a sum to be determined by the jury in this case;

4. For Plaintiff's attorneys fees, costs, and expenses of these proceedings because of Defendant's vexatious, intentional, wanton, reckless and unreasonable refusal to pay;

5. For prejudgment interest on any award to which Plaintiff is held entitled by the jury; and

6. For such other and further relief as the Court deems just and equitable.

Respectfully submitted this 7th day of February, 2012.

ABOUREZK & ZEPHIER, P.C.

_____
Robin L. Zephier
Attorneys for Plaintiff
Post Office Box 9460
2020 W. Omaha
Rapid City, South Dakota 57709
(605) 342-0097

**TRIAL BY JURY IS HEREBY DEMANDED**