UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE W. LARSON, | ) | CIV. 12-4020-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION |
| AUTO OWNERS INSURANCE | ) | |
| COMPANY a Subsidiary of Parent | ) | |
| Company AUTO OWNERS | ) | |
| INSURANCE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Lawrence Larson, moves the court to reconsider its September 12, 2012, order in which it found Minnesota law applied to his bad faith failure to settle claim. Defendant, Auto Owners Insurance Company, resists the motion. For the following reasons, the motion is denied.

## BACKGROUND

In 2008, Larson obtained auto insurance from Auto Owners for himself and his business, Minne-Bleha Drilling Company, because he was working and temporarily living in Minnesota at that time. Docket 10 at 2, 14; Docket 7-3 at 2. Larson purchased the insurance from Auto Owners through an agent located in St. Paul, Minnesota. Docket 1 at 1.

On May 15, 2008, while covered under the above-mentioned insurance policy, Larson was involved in an automobile accident in Hugo, Minnesota. The other driver was determined to be 100 percent at fault. Larson accepted

tender of $100,000 from the insurance company of the other driver, which was the full auto-policy liability limit. Following acceptance of the $100,000, Larson filed an underinsured motorist claim on July 27, 2011, with Auto Owners pursuant to his insurance contract.

Auto Owners contacted Larson on September 15, 2011, indicating that the claim was forwarded to attorney Timothy Tobin. Docket 10 at 4. Larson then filed a complaint with the Minnesota Department of Revenue (MDR) on October 19, 2011, asking the MDR to impose a penalty on Auto Owners for their delayed response to Larson's claim. The MDR imposed a penalty of $2,500 on Auto Owners. Docket 10 at 4.

Because the parties do not agree on the value of Larson's underinsured motorist claim, Larson and Auto Owners have not reached a settlement on such claim. Auto Owners filed an action seeking a declaratory judgment on the value of the claim in the Fourth Judicial District Court, Hennepin County, Minnesota.[1] On February 7, 2012, one day after being served with Auto Owners's complaint, Larson filed an action in this court, alleging claims for breach of contract, bad faith, and punitive damages. Docket 1.

Following Auto Owners' motion to dismiss or, alternatively, stay Larson's claims, this court dismissed Larson's bad faith and punitive damages claims

---

[1] Auto Owners served Larson with a summons and complaint on February 6, 2012, in Moody County, South Dakota. Docket 7-1.

2

and stayed Larson's breach of contract claim pending resolution of the Minnesota state court proceeding. Applying South Dakota choice of law rules, the court determined that Minnesota law applied to Larson's claims for bad faith and punitive damages. This finding resulted in the dismissal of such claims.

On April 8, 2013, the Minnesota Court of Appeals dismissed Auto Owners' declaratory judgment action, finding that the dispute between the parties is not appropriate for a declaratory judgment action. As a result of the decision of the Minnesota Court of Appeals, Larson now moves this court to reconsider its order dismissing his claims.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure generally do not recognize uniform standards for a court to analyze a motion to reconsider. It is clear, however, that a "district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007). Here, Larson made his motion pursuant to Rule 54(b), which provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Auto Owners, on the other hand, contends Larson's motion

should be analyzed under the more rigorous standards of either Rule 59(e) or Rule 60(b). The court finds the outcome here would be the same regardless of which standard is applied. The court therefore applies the standard proposed by Larson: "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . [A] motion for reconsideration should not serve as the occasion to tender new legal theories for the first time." Docket 32 at 2 (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

## DISCUSSION

Larson argues the court should reconsider its choice of law analysis in its September 12, 2012, order in which it determined Minnesota law applied to Larson's bad faith claim[2] because of the recent decision of the Minnesota Court of Appeals. Larson asserts the decision by the Minnesota Court of Appeals affects the choice of law analysis and demands a different conclusion as to which state's law applies to Larson's bad faith claim.

The issue before the Minnesota Court of Appeals was whether Auto Owners could bring a declaratory judgment action against Larson when the only dispute between the parties is how much Auto Owners owes Larson under the insurance policy. *Auto-Owners Ins. Co. v. Larson*, A12-1509 (Minn. Ct. App. Apr. 8, 2013), at Docket 27-1. The Minnesota Court of Appeals found

---

[2] Larson's claim for punitive damages arises out of his bad faith claim.

4

that this question was a dispute of fact and not merely a declaration of the rights, status, or legal relations of the parties, and therefore, it was not appropriate for a declaratory judgment action. *Id.* The Court of Appeals further stated that allowing Auto Owners to initiate a declaratory judgment action under this situation would circumvent the general public policy notion that favors injured parties initiating lawsuits. *Id.* Thus, Auto Owners' declaratory judgment action was dismissed.

Larson argues that the decision of the Minnesota Court of Appeals necessitates a different conclusion when this court applies the choice of law analysis to Larson's bad faith claim. But Larson's argument fails because the court did not rely on the fact that Auto Owners had filed a declaratory judgment action when determining that Minnesota law applied to Larson's bad faith claim. Docket 23 at 6-13. Instead, the court employed the most significant relationship test[3] to the facts presented by the parties—which did not rely on any facts pertaining to Auto Owners' declaratory judgment action— and found that Minnesota has the most significant relationship to Larson's

---

[3] As discussed in the September 12, 2012, order, South Dakota law requires the court to consider the nature of the action to determine which state's law to apply. Larson's bad faith claim is a hybrid between a contract action and a tort action, and South Dakota has yet to determine which choice of law provisions govern bad faith claims. The court previously found Minnesota law would apply regardless of whether Larson's bad faith claim was analyzed as a contract or tort claim. Larson's motion for reconsideration only addresses the court's tort analysis in which it applied the most significant relationship test.

5

claim. Larson has not provided the court with any new facts or law that would alter the court's previous determination. Rather, Larson simply attempts to reargue the issues this court previously addressed.

The court finds Larson's arguments equally as unpersuasive now as they were over a year ago. Nothing pertinent to the issue has changed. No new evidence has come to light that would change this court's choice of law analysis, and no new law has been formulated on the topic. Thus, the court's September 12, 2012, order remains in effect. Accordingly, it is

ORDERED that Larson's motion for reconsideration (Docket 31) is denied.

IT IS FURTHER ORDERED that the parties' response to the court's prior Order for Form 52 Report (Docket 30) is due by **November 1, 2013**.

Dated October 11, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE